UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LPA ENERGY GROUP PROPRIETARY LIMITED,<br><br>                Plaintiff,<br><br>   v.<br><br>SIMON ATKINSON, KARA HASKINS, DENISE LENGEMANN, AND CONVEY LIGHTING LLC,<br><br>              Defendants. | Civ. No. 25-cv-01741 VDO<br><br>December 1, 2025 |

## [~~PROPOSED~~] CONSENT ORDER REGARDING RESOLUTION OF LPA ENERGY GROUP PROPRIETARY LIMITED'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff LPA Energy Group Proprietary Limited and its subsidiaries and affiliates (collectively, "LPA Energy") and Defendants Simon Atkinson ("Atkinson"), Denise Lengemann ("Lengemann"), Kara Haskins ("Haskins") (collectively, the "Individual Defendants"), and Convey Lighting LLC ("Convey," collectively with the Individual Defendants, "Defendants"), by and through their undersigned counsel, hereby consent, without waiver of any claims or defenses including, but not limited to, lack of subject matter jurisdiction, to the entry of the following order resolving LPA Energy's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). LPA Energy stipulates that this Consent Order obviates the need for a hearing on LPA Energy's Motion, currently scheduled for December 9, 2025, and the Parties thus jointly request that the Court enter this Order and cancel the December 9, 2025 hearing.

The Parties agree as follows:

1.      For the period of twelve (12) months from the date of this Order (the "Restricted Period"), Defendants, and any persons or entities acting on their behalf or in concert with them, agree that they will not, directly or indirectly: (1) solicit, market, sell, provide, or offer products or services to, (2) contact or communicate with, for the purpose of selling, providing, or offering products or services to, and/or (3) otherwise transact business or interfere with LPA Energy's relationship with, any LPA Energy customer identified on the agreed upon "LPA Energy Customer List" which is attached hereto as Exhibit A, with each customer name being anonymized to protect the parties' and the customers' privacy interests. By way of example only, this restriction would include Defendants not using any third party, including but not limited to Diversified Group and Diversified Lighting, and its or their affiliates, such as a sales representative network or distributor, as a means of indirect sales to LPA Energy Customers. Nothing in this Section 1 prevents Defendants from otherwise selling products or services, directly or indirectly, to distributors, resellers, or other intermediaries that are not on the LPA Energy Customer List.

2.      Defendants agree not to use or disclose any LPA Energy Confidential Information as defined in the LPA Energy Code of Conduct, which is set forth in and attached to the Verified Complaint. For purposes of this Order only, "Confidential Information" shall not include information that: (a) is or becomes generally available to the public other than as a result of a wrongful act or omission of any Defendants; (b) was in a Defendant's lawful possession prior to (i) disclosure by LPA Energy or (ii) it otherwise being made available to Defendants during their employment with LPA Energy; (c) is or becomes available to a Defendant on a non-confidential basis from a third party that is not bound by a confidentiality obligation to LPA Energy; or (d) is independently developed or known by Defendants without use of LPA Energy's non-public

information. For the avoidance of doubt, nothing in this Order prohibits Defendants from using their general skills, knowledge, and experience in the lighting industry.

3. Defendants, and any persons or entities acting on their behalf or in concert with them, will not transfer, remove, or dispose of any LPA Energy information in their possession, custody, or control, except as expressly agreed in writing by LPA Energy.

4. Defendants agree that LPA Energy may conduct a forensic analysis of the electronic devices subject to the previous Consent Order dated November 13, 2025 (the "November 13 Consent Order"), as well as other portable drives and devices identified by Defendants as potentially containing LPA Energy information, which Defendants agree shall also be subject to the November 13 Consent Order. LPA Energy's forensic analysis shall be subject to the forensic protocol negotiated by the parties.

5. Defendants, within three (3) days of the date of this Order, shall use reasonable efforts to identify and gather and thereafter ship to LPA Energy's counsel, any tangible or intangible documents, information or other materials in the Defendants' possession, custody, or control related to LPA Energy and/or LPA Energy's business, including but not limited to, physical documents and other physical items (including but not limited to key cards, office keys, and access code passes) related to LPA Energy business, other than pleadings in this case and attorney work product or attorney-client privileged communications.

6. Defendants shall deliver, return, and/or transfer to LPA Energy phone numbers used by the Individual Defendants Simon Atkinson and Denise Lengemann to conduct business for LPA Energy within four (4) days of this Order.

7. Convey agrees to permit an inspection, within fifteen (15) days of the date of this Order, of certain financial records to be agreed upon by the parties within five (5) days of the date

of this Order. The Parties agree that the records to be inspected will not be shared with anyone other than LPA Energy, its counsel, and its experts and consultants, and shall only be used for purposes of this litigation.

8. Defendants, and any persons or entities acting on their behalf or in concert with them, shall retain and not destroy any evidence relating in any way to the subject matter of this lawsuit.

9. The Parties agree that if any Party determines that another Party has violated this Order, prior to filing an application with the Court for relief, counsel for the Party identifying the alleged violation will send a written notice of the alleged violation to counsel for the Party alleged to have committed the violation. The Parties' counsel shall then meet and confer within seven (7) business days to attempt to resolve their differences absent involvement from this Court. If the Parties cannot resolve their differences following this meet and confer process, the Party alleging a violation shall be entitled to seek relief from the Court.

10. The Parties stipulate and agree that they have entered into this Consent Order without prejudice to or waiver of any of their respective defenses, rights, remedies, or positions in this action, and without prejudice to any Party's right to move to vacate or modify any of the terms herein.

December 1, 2025
6:30 PM
Hartford, Connecticut

Date/Time

/s/ Vernon D. Oliver

United States District Judge Vernon D. Oliver